JOHN R. CLIFFORD, ESQ. (State Bar No. 124203)
PATRICK W. BERRY, ESQ. (State Bar No. 281766)
**WILSON, ELSER, MOSKOWITZ,**
    **EDELMAN & DICKER LLP**
655 West Broadway, Suite 900
San Diego, CA 92101-8484
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
Email: john.clifford@wilsonelser.com
Email: patrick.berry@wilsonelser.com

Attorneys for Defendant GNC CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE SPARLING and MICHAEL J SPARLING, on behalf of and as representatives for MICHAEL L SPARLING, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> USPLABS, LLC, JONATHAN VINCENT DOYLE (an individual), JACOB GEISSLER (an individual), USPLABS JACK3D, LLC, USPLABS HOLDING, LLC, GNC CORPORATION, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-500, Inclusive, <br><br> Defendants. | Case No. 3:13-cv-00667-JLS-DHB <br><br> **DEFENDANT GNC CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> Judge:       Hon. Janis L. Sammartino <br> Courtroom: 3B (Schwartz) <br> Magistrate: Hon. David H. Bartick <br> Courtroom: 10th Floor (Annex) |

COMES NOW DEFENDANT GNC CORPORATION (hereinafter "answering defendant" or "GNC") on behalf of itself alone, and no other party, entity, or person, and does admit, deny and allege as follows:

/ / /

/ / /

# I.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS

### JURISDICTION AND VENUE

1.     In response to paragraphs 1-2; answering defendant lacks sufficient information and knowledge as to the truth of the allegations set forth in paragraphs 1-15 and, on that basis, deny each and every allegation in paragraphs 1-2.

### DEFENDANT PARTIES

2.     In response to paragraphs 3-15; answering defendant lacks sufficient information and knowledge as to the truth of the allegations set forth in paragraphs 3-15 and, on that basis, deny each and every allegation in paragraphs 3-15

3.     In response to paragraph 16; answering defendant admits it is a Delaware corporation with its principal place of business in Pittsburgh Pennsylvania. GNC admits that is regularly conducts business in the state of California, including the sale of Jack3d by its retail outlets, affiliates and franchises.  GNC denies that was regularly engaged in the business of packaging, distributing, and/or selling, either directly or indirectly, through third parties or related entities, non-prescription nutritional/dietary supplements for sale to, and use by, members of the general public.  GNC lacks sufficient information and knowledge at this time to either admit or deny that it sold Jack3d purchased by, ingested by and causing harm to Plaintiff-Decedent as set forth in paragraph 16 and, on that basis, deny that allegation contained in paragraph 16.

4.     In response to paragraph 17; answering defendant lacks sufficient information and knowledge at this time to either admit or deny that the allegations as set forth in paragraph 17 and, on that basis, deny each and every allegation contained in paragraph 17.

5.     In response to paragraph 18; answering defendant lacks sufficient information and knowledge at this time to either admit or deny that the allegations as set forth in paragraph 18 and, on that basis, deny each and every allegation contained

2

in paragraph 18.

6.    In response to paragraph 19; answering defendant lacks sufficient information and knowledge at this time to either admit or deny that the allegations as set forth in paragraph 19 and, on that basis, deny each and every allegation contained in paragraph 19.

7.    In response to paragraph 20; answering defendant lacks sufficient information and knowledge at this time to either admit or deny that the allegations as set forth in paragraph 20 and, on that basis, deny each and every allegation contained in paragraph 20.

## PLAINTIFF-DECEDENT

8.    In response to paragraphs 21-27; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 21-27 and, on that basis, deny each and every allegation contained in paragraphs 21-27.

## FACTUAL BACKGROUND

9.    In response to paragraphs 28-31; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 28-32 and, on that basis, deny each and every allegation contained in paragraphs 28-31

10.    In response to paragraph 32; answering defendant admits that Jack3d is sold through its stores in California and throughout the country.   GNC lacks sufficient information and knowledge at this time to either admit or deny the remaining allegation in paragraph 32 as it pertains to other retailers and, on that basis, deny the allegations contained in paragraph 8.

11.    In response to paragraphs 33-38; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 33-38 and, on that basis, deny each and every allegation contained in paragraphs 33-38.

3

12.     In response to paragraph 39; answering defendant denies conveying deceptive claims about Jack3d through a variety of media, including television, newspapers, magazines, direct mail, the Internet, point of sale displays, and on the Jack3d labels and packaging.  GNC admits that it promoted marketed and sold Jack3d in its stores and on its website, but lacks sufficient information and knowledge at this time to either admit or deny with regard to "other mediums of advertising" and, on that basis, denies that portion of the allegation.

13.     In response to paragraphs 40-46; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 40-46 and, on that basis, deny each and every allegation contained in paragraphs 40-46.

14.     In response to paragraph 47; answering defendant denies that it enabled USP to make representations concerning the quality of Jack3d.  GNC also denies the allegation in paragraph 47 that it adopted, and is responsible for, the representations of USP made on packaging regarding the safety and efficacy of Jack3d.  GNC admits it advertised Jack3d and admits it included a link to USP websites on its own website.

15.     In response to paragraph 48; answering defendant denies that it reinforces any claims of safety and efficacy made by USP in relation to Jack3d and denies that it states that Jacked is "University Studied."  GNC cannot determine from the plain language what it is Plaintiffs are claiming against it when Plaintiffs allege "[t]he representation that Jack3d is 'universally studied' implies that the studies universally demonstrate safety, when they instead demonstrate blood pressure and heart rate findings which do not demonstrate safety."  Therefore, for the remaining allegation of paragraph 48, answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraph 48 and, on that basis, denies the remaining allegation contained in paragraph 48.

16.     In response to paragraph 49; answering defendant denies that there is

overwhelming evidence that Jack3d is neither safe nor effective.  GNC therefore denies that it continued to make public statements to the contrary when it assured customers that DMAA is safe.  GNC admits it responded to an FDA letter by stating, "We are completely opposed to this unilateral factually and legally unfounded action by the FDA and we believe the large consumer base that has safely used products containing DMAA in millions of doses will also oppose it."  GNC also admits to stating in that same response that "DMAA is perfectly safe when taken as directed."

17.    In response to paragraph 50; answering defendant admits that it continues to market and sell Jack3d to consumers in its retail stores and through its online website.  GNC denies each other allegation contained in paragraph 50 as stated.  By way of further response, GNC temporarily removed the products at the military's request pending the completion of a military review of the ingredient DMAA.

18.    In response to paragraphs 51-52; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 51-52 and, on that basis, deny each and every allegation contained in paragraphs 51-52.

19.    In response to paragraph 53; answering defendant GNC lacks sufficient information and knowledge at this time to either admit or deny the allegations regarding the Federal Trade Commission's rules as set forth in paragraph 53 and, on that basis, denies that allegation contained in paragraph 53.  GNC denies that it made any claims regarding Jack3d without requisite proof.

20.    In response to paragraph 54; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraph 54 and, on that basis, deny each and every allegation contained in paragraph 54.

21.    In response to paragraph 55, answering defendant denies that Jack3d is falsely labeled, ineffective, and poses significant health risks.  Therefore, GNC also

denies that it should have recalled Jack3d.  GNC denies that there is evidence of significant health risks.  Therefore, GNC denies that it continued to make misrepresentations and omissions on Jacked packaging and labeling.  GNC also denies that it continued to downplay the true health risks involved with consuming Jack3d.

22.    In response to paragraphs 56-66; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 56-66 and, on that basis, deny each and every allegation contained in paragraphs 56-66.

23.    In response to paragraphs 67; answering defendant denies that it knew or should have known that DMAA could cause cardiovascular adverse effects based on the fact DMAA is in the same class of chemicals as amphetamines.

24.    In response to paragraph 68; answering defendant denies that it joined in the misrepresentations about DMAA by asserting in its marketing of Jacked that it conducts a review and has a requirement that the products it sells have labels that truthfully disclose health and safety issues and that the ingredients be safe.  GNC admits that it exercises the highest standard of care in the nutritional supplement industry by "demanding truth in labeling, ingredient safety."  GNC denies that it considered, reviewed and rejected the idea of selling its own propriety productions containing DMAA with knowledge that DMAA could injure consumers.

25.    In response to paragraphs 69-79; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 69-79 and, on that basis, deny each and every allegation contained in paragraphs 69-79.

## COUNT I

26.    In response to paragraphs 80-81; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 80-81 and, on that basis, deny each and every allegation

contained in paragraphs 80-81.

27.    In response to paragraphs 82-84; answering defendant denies each and every allegation contained in paragraphs 82-84.

## COUNT II

28.    In response to paragraph 85; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 85 and, on that basis, deny each and every allegation contained in paragraphs 85.

29.    In response to paragraphs 86-92; answering defendant denies each and every allegation contained in paragraphs 86-92.

30.    In response to paragraph 93; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraph 93 and, on that basis, deny each and every allegation contained in paragraph 93.

31.    In response to paragraph 94; answering defendant denies each and every allegation contained in paragraph 94.

## COUNT III

32.    In response to paragraph 95; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraph 95 and, on that basis, deny each and every allegation contained in paragraph 95.

33.    In response to paragraphs 96-98; answering defendant denies each and every allegation contained in paragraphs 96-98.

34.    In response to paragraphs 99-100; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 99-100 and, on that basis, deny each and every allegation contained in paragraphs 99-100.

35.    In response to paragraph 101; answering defendant denies each and

1    every allegation contained in paragraph 101.

2        36.    In response to paragraphs 102-103; answering defendant lacks sufficient

3    information and knowledge at this time to either admit or deny the allegations set

4    forth in paragraphs 102-103 and, on that basis, deny each and every allegation

5    contained in paragraphs 102-103.

6        37.    In response to paragraph 104; answering defendant denies each and

7    every allegation contained in paragraph 104.

8                                **COUNT IV**

9        38.    In response to paragraphs 105-112; answering defendant lacks sufficient

10   information and knowledge at this time to either admit or deny the allegations set

11   forth in paragraphs 105-112 and, on that basis, deny each and every allegation

12   contained in paragraphs 105-112.

13                               **COUNT V**

14       39.    In response to paragraphs 113-120; answering defendant lacks sufficient

15   information and knowledge at this time to either admit or deny the allegations set

16   forth in paragraphs 113-120 and, on that basis, deny each and every allegation

17   contained in paragraphs 113-120.

18                               **COUNT VI**

19       40.     In response to paragraph 121; answering defendant lacks sufficient

20   information and knowledge at this time to either admit or deny the allegations set

21   forth in paragraph 121 and, on that basis, deny each and every allegation contained in

22   paragraph 121.

23       41.    In response to paragraphs 122-127; answering defendant denies each

24   and every allegation contained in paragraphs 122-127.

25                               **COUNT VII**

26       42.    In response to paragraphs 128-140; answering defendant lacks sufficient

27   information and knowledge at this time to either admit or deny the allegations set

28   forth in paragraphs 128-140 and, on that basis, deny each and every allegation

8

contained in paragraphs 128-140.

## COUNT VIII

43.     In response to paragraphs 141-153; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraphs 141-153 and, on that basis, deny each and every allegation contained in paragraphs 141-153.

## COUNT IX

44.     In response to paragraph 154; answering defendant lacks sufficient information and knowledge at this time to either admit or deny the allegations set forth in paragraph 154 and, on that basis, deny each and every allegation contained in paragraph 154.

45.     In response to paragraphs 155-156; answering defendant denies each and every allegation contained in paragraphs 155-156.

## PRAYER FOR RELIEF

46.     Answering defendant denies the allegations contained in the Prayer for Relief.

## II.

## AFFIRMATIVE DEFENSES

1.     **Failure to State a Claim**

The Complaint and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering defendant.

2.     **Statute of Limitations**

This answering defendant alleges that the causes of action set forth in the Complaint are barred because they were not brought within the applicable statutory period.

/ / /

/ / /

/ / /

9

### 3.    **Failure to Mitigate**

Plaintiffs, though under a duty to do so, have failed and neglected to mitigate the alleged damages and, therefore, cannot recover against this answering defendant whether as alleged or otherwise.

### 4.    **Contribution**

This answering defendant alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering defendant, and that the liability of this answering defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering defendant.

### 5.    **Contributory Negligence**

This answering defendant is informed and believes, and thereon alleges that at all times mentioned herein, plaintiff-decedent was negligent, careless, reckless and unlawfully conducted himself so as to directly and proximately contribute to the happening of the incident and occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by all plaintiffs.

### 6.    **Estoppel**

This answering defendant is informed and believes, and thereon alleges, that the plaintiffs engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of the Complaint, and by reason of said activities and conduct are estopped from asserting any claims for damages or seeking any other relief against this answering defendant.

### 7.    **Waiver**

This answering defendant is informed and believes and thereon alleges that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

/ / /

8.      **Intervening Superseding Causes**

This answering defendant is informed and believes, and thereon alleges that the injuries and damages of which the plaintiffs complain were proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the plaintiffs complain, thus barring plaintiffs from any recovery against this answering defendant.

9.      **Assumption of the Risk**

This answering defendant alleges that the plaintiff-decedent expressly, voluntarily, and knowingly assumed all risks about which plaintiffs complain in the Complaint and, therefore, plaintiffs are barred either totally or to the extent of said assumption from any damages.

10.     **Active and Primary Liability**

The Plaintiffs' conduct, as alleged in the Complaint, was such that any and all liability based thereon was active and primary in nature, so as to preclude any recovery sought in the Complaint.

11.     **Laches**

Plaintiffs waited an unreasonable period of time before asserting their claims, if any, against this answering defendant and are barred from asserting such claims under the doctrine of laches.

12.     **Unclean Hands**

Plaintiffs are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

13.     **Conduct was Justified**

The conduct of this answering defendant in regards to the matters alleged in the Complaint was justified, and by reason of the foregoing, plaintiffs are barred from any recovery against defendant herein.

/ / /

Defendant GNC Corporation's Answer to Plaintiffs' Complaint        3:13-cv-00667-JLS-DHB
1694416.1

14. **Lack of Notice**

This answering defendant is informed and believes, and thereon alleges that plaintiffs are barred from recovery herein as to plaintiffs' breach of warranty theories of recovery because of plaintiffs' failure to give the required timely notice as to any purported breach of warranty.

15. **Comparative Fault of Third Parties**

This answering defendant is informed and believes and upon such information and belief alleges that the accident and the injuries, if any, allegedly suffered by plaintiffs against this answering defendant must be reduced by an amount equal to the proportionate fault of said third parties.

16. **Act of God**

Defendant is informed and believes and on that basis alleges that any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition and, as such, were an act of God, without fault or liability on the part of the defendant.

17. **Misuse or Modification of Product**

This answering defendant is informed and believes and based thereon alleges that if there were any defect in the product referred to in the Complaint at the time of said damages that such defect did not exist at the time said product left the possession of this answering defendant and was caused by the misuse, abuse, changes, modifications, improper maintenance, and alterations of others, including plaintiffs and defendants herein, and that said damages were caused by such misuse, abuse, changes, alterations, lack of maintenance, and modifications.

18. **Non-defective Product**

The supplement which allegedly caused injuries or damage to plaintiffs was reasonably fit for the uses for which it was intended.

/ / /

/ / /

Defendant GNC Corporation's Answer to Plaintiffs' Complaint                    3:13-cv-00667-JLS-DHB
1694416.1

19.   **State of the Art**

The product at issue was in compliance with all federal, state and local codes, standards, regulations, specifications and statutes regarding the manufacture, sale and use of the supplement at all times pertinent to this action.

20.   **Product Misuse**

Plaintiffs are not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the product.

21.   **Setoff**

To the extent plaintiffs have been compensated for the alleged damages by receiving payment from other persons or entities, the amount of any such compensation should be set off against any recovery plaintiffs may receive in this action.

22.   **No Standing**

This answering defendant is informed and believes and on that basis alleges that plaintiffs have no standing to bring any action against this responding defendant.

23.   **Reservation**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defense available, defendant reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be inappropriate.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1.   That Plaintiff takes nothing by reason of the Amended Complaint on file herein;

2.   That Defendant be awarded its costs and expenses incurred in this action;

3.   That Defendant be awarded its attorneys' fees incurred in this action; and

4.   That Defendant recovers such other relief as the Court may deem just and proper.

Dated:  May 6, 2013                    **WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP**


                                       By:  __/s/ John R. Clifford_____
                                            John R. Clifford, Esq.
                                            Patrick W. Berry, Esq.
                                            Attorneys for Defendant
                                            GNC CORPORATION

14

Defendant GNC Corporation's Answer to Plaintiffs' Complaint                    3:13-cv-00667-JLS-DHB
1694416.1